CAREY & SKINNER *v.* UNITED STATES (No. 2426) [1]

APPRAISEMENT—SUBDIVISION (d) SECTION 402, TARIFF ACT OF 1922—"UNITED STATES VALUE."

The provision in subdivision (d) section 402, Tariff Act of 1922, defining "United States value," for an allowance for "other necessary expenses from the place of shipment to the place of delivery" does not cover the cost of repacking in this country to meet the demands of the United States trade.

[1] T. D. 40848.

## United States Court of Customs Appeals, April 14, 1925

APPEAL from Board of United States General Appraisers, Circular Reappraisement 34824

[Affirmed.].

. *Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellants.

*William W. Hoppin*, Assistant Attorney General (*Charles D. Lawrence* and *John A. Kemp*, special attorneys, of counsel), for the United States.

[Oral argument Mar. 27, 1925, by Mr. Tompkins and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from the several judgments of the Board of General Appraisers reversing the judgments of a single general appraiser and affirming the decisions of the appraiser, as to the value of imported merchandise in reappraisements Nos. 14073–A, 14074–A, 14075–A, and 17666–A.

The merchandise involved in the appeal consists of novadelox, a coal-tar derivative, and is conceded to be dutiable under paragraph 27 of the Tariff Act of 1922.

Paragraph 27 provides that duty shall be assessed upon articles mentioned therein, upon a value, "based upon the American selling price (as defined in subdivision (f) of section 402, Title IV) of any similar competitive article manufactured or produced in the United States." And that "if there is no similar competitive article manufactured or produced in the United States then the ad valorem rate shall be based upon the United States value, as defined in subdivision (d) of section 402, Title IV."

It having been determined by the appraising officers that there was no similar competitive article manufactured or produced in the United States, they proceeded to determine the dutiable value of the merchandise based upon the United States value.

The "United States value" is defined in subdivision (d) of section 402, of the Tariff Act of 1922, as follows:

SEC. 402. (d) The United States value of imported merchandise shall be the price at which such or similar imported merchandise is freely offered for sale, packed ready for delivery, in the principal market of the United States to all purchasers, at the time of exportation of the imported merchandise, in the usual wholesale quantities and in the ordinary course of trade, with allowance made for duty, cost of transportation and insurance, and other necessary expenses from the place of shipment to the place of delivery, a commission not exceeding 6 per centum, if any has been paid or contracted to be paid on goods secured otherwise than by purchase, or profits not to exceed 8 per centum and a reasonable allowance for general expenses, not to exceed 8 per centum on purchased goods.

It appears that the merchandise was imported in wooden cases, containing 50 kilograms each; that before it could be sold in the United States it was necessary to repack the merchandise in steel

drums. The reasons assigned by the importers for repacking the merchandise are stated by the witness Stork in the following language:

Q. Is novadelox sold in the containers in which imported?—A. No; it is not.

Q. Why?—A. Because after these cases of novadelox *arrive* they are not in such condition that they can be used for further reshipment. The second reason is that this material arrives in cases containing 50 kilograms, which is an odd number of pounds, and we find that we have to sell here in American pounds in smaller quantities. (Italics ours.)

. * * * * * * *

Q. In what kind of containers is this merchandise, novadelox, sold in all of the markets of the United States?—A. In 50 or 25 pound steel drums.

* * * * * * *

Q. Please state briefly what you do with novadelox after you import it in order to place it on the market in wholesale quantities in the United States?—A. We pack it from these wooden cases into the steel drums.

Q. Have you found that course to be essential in order to merchandise or sell novadelox in the United States?—A. Yes, sir.

It is claimed by the importers that the cost of the steel drums and the labor cost incident to the repacking of the merchandise are not proper items to be included in the dutiable value of the merchandise; that such items are properly deductible under the following language, contained in subdivision (d) of section 402, supra:

* * * with allowance made for duty, cost of transportation, and insurance, and other necessary expenses from the place of shipment to the place of delivery, * * *.

The contention of the importers seems to be that the cost of repacking was a necessary expense incurred during the shipment of the merchandise "from the place of shipment to the place of delivery."

We are unable to understand upon what theory repacking costs, admittedly necessary for the sole purpose of meeting the demands of the trade in the United States, should be considered proper deductible items of expense "from the place of shipment to the place of delivery." The importers admit that the repacking was necessary to place the goods in condition "packed ready for delivery," and as subdivision (d) of section 402, supra, provides specifically that the "United States value * * * shall be the price at which such or similar imported merchandise is freely offered for sale, packed ready for delivery," it would seem to us that such packing charges are proper items to be included in determining the United States value, upon which the dutiable value of the merchandise is based. Otherwise, the language "packed ready for delivery," contained in the definition of United States value, would be without meaning.

It will be noted from the quoted testimony that the cost of packing was incurred after the merchandise was imported.

The witness further testified as follows:

Q. What have you on entry deducted in each of these cases as the cost of each drum and labor incident to placing the novadelox in the drum to make it packed ready for shipment to your customers in the United States?—A. Sixty-five cents for 25 pounds net weight.

Q. How did you arrive at those figures?—A. Because the packing is done for us by a storage firm in Buffalo, and they are charges for the labor of this packing, and we buy the drums from a firm in Chicago.

\*        \*        \*        \*        \*        \*        \*

Q. And in order to sell the merchandise in this country it is necessary to repack it in steel drums?—A. Yes, sir.

Q. And after it is so packed in steel drums then you sell it in the United States?—A. Yes.

The above testimony clearly establishes that the repacking of the merchandise was for the purpose of placing the goods in condition *packed ready for delivery;* and that it was sold in the United States in that condition.

The repacking costs, in our opinion, are not to be considered as "other necessary expenses from the place of shipment to the place of delivery." Such costs have no relation whatever to "other necessary expenses," for which an allowance should be made by the appraising officials.

To determine the dutiable value of the merchandise by ascertaining the "foreign value" or "export value" as suggested by the importers would be in plain violation of the mandatory provisions of paragraph 27, supra.

For the reasons stated, the several judgments are *affirmed.*