JOHNSON CO. *v.* UNITED STATES (No. 2559) [1]

APPRAISEMENT—SUBDIVISION (d) SECTION 402, TARIFF ACT OF 1922—"UNITED STATES VALUE."

The provision in subdivision (d) section 402, Tariff Act of 1922, defining "United States value," for an allowance for "other necessary expenses from the place of shipment to the place of delivery" does not cover teaming from railroad terminal to importer's warehouse, storage in the warehouse, or teaming from the warehouse to importer's customers. See *Carey & Skinner* v. *U. S.*, 13 Ct. Cust. Appls. 7, T. D. 40848.

## United States Court of Customs Appeals, March 27, 1926

APPLICATION for rehearing of *Johnson Co.* v. *United States,* 13 Ct. Cust. Appls. 373, T. D. 41318

[Denied.]

GRAHAM, Presiding Judge, delivered the opinion of the court:

On consideration of the application for rehearing, it appears that the amount of the deduction from market value claimed on account of duty, which was allowed by the court below as, and claimed by appellant when this cause was originally submitted to be, $0.02596 per pound, is not the correct allowance upon the dutiable value as fixed by this court. The goods in question were returned for duty at 35 per centum ad valorem under paragraph 763 of the Tariff Act of 1922.

Computing the duty upon the dutiable value as fixed by this court in its original opinion filed herein, 13 Ct. Cust. Appls. 373, T. D. 41318, it is found the allowance for duty per pound should be $0.03169. The net dutiable value is therefore $0.09053, and the judgment heretofore rendered herein will be so modified accordingly.

It is also suggested the court has misapprehended the claim of counsel for importer; that the items of teaming, terminal to warehouse, $0.00112, storage $0.00036, and teaming, warehouse to delivery, $0.00296, were claimed as proper deductions from market value under that portion of section 402 (d) reading: "Other necessary expenses from the place of shipment to the place of delivery," and not under that portion thereof reading: "a reasonable allowance for general expenses," as suggested by this court. The arguments, both oral and written, presented to this court by appellant, can hardly be so construed. But if such contention is properly made by appellant here, the court is of opinion the case is controlled by *Carey & Skinner* v. *United States,* 13 Ct. Cust. Appls. 7, T. D. 40848, decided by this court April 14, 1925. There we held that certain repacking charges, necessary before the goods could be delivered to purchasers, were not properly included within the provision "other necessary expenses from the place of shipment to the place of delivery." So, in this

---

[1] T. D. 41480.

case, expenses incurred after the imported goods were delivered to importer at the railroad terminal, in connection with their transportation, storage, and delivery to purchasers, can not be properly considered such "other necessary expenses." Counsel for appellant call attention to the case of *United States* v. *Johnson,* 9 Ct. Cust. Appls. 258, as authority for the position taken by them. The case cited was an appeal from a classification board in which the validity of an appraisement was questioned. By a stipulation filed in the case one of the items conceded as an allowance to fix dutiable value was an item of drayage in New York, "from wharf to cars." Whether this charge was imposed while the goods were in Government custody or not does not appear. But irrespective of that fact, the point as to whether such item was a proper allowance was not involved nor decided in that case. In addition, it will be noted that the value there involved was the market value, as provided in subsection (c) of Section III of the tariff act of October 3, 1913, and not, as in the case at bar, the United States value as defined in section 402 (d) of the Tariff Act of 1922. *United States* v. *Johnson, supra,* can not be properly considered as authority in the case before us.

We have examined the various other suggestions made by appellant in its application and see no reasons presented therein which would lead us to depart from the conclusions heretofore expressed by us.

The application for rehearing is *denied.*