EGGERS & HEINLEIN, INC. *v.* UNITED STATES

**No. 4542.**—Invoice dated Managua, Nicaragua, March 15, 1938.
Entered at New York March 31, 1938.
Entry No. 835514.

(Decided March 17, 1939)

Plaintiff not represented by counsel.

*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

SULLIVAN, Judge: In this case there is a single question involved, that is, whether it is proper to allow $8.95 for the weighing of the merchandise at the warehouse of the purchaser in the city of New York.

It appears that the merchandise, consisting of hides, was transported from Nicaragua to New York, and entered at the United States value of 9 cents per pound. The merchandise remained on the pier practically six days, and on the sixth day was taken from the pier to the warehouse of the purchaser, and there weighed; and the question at issue is whether or not this weighing cost is a part of the necessary expenses allowed by section 402 (e) of the Tariff Act of 1930.

When the question was originally presented to me I was of the opinion that the weighing charge should be allowed, but on closer examination of the authorities I believe I was in error.

Counsel for the Government has referred to the case of *United States* v. *Beer & Co.*, 15 Ct. Cust. Appls. 140, T. D. 42215. The question involved in that case refers to profits and commission rather than to necessary expenses, as referred to under section 402 (e). Therefore, I believe the *Beer* case is not applicable.

Section 402 (e) provides as follows:

(e) UNITED STATES.VALUE.—The United States value of imported merchandise shall be the price at which such or similar imported merchandise is freely offered for sale, packed ready for delivery, in the principal market of the United States to all purchasers, at the time of exportation of the imported merchandise, in the usual wholesale quantities and in the ordinary course of trade, with allowance made for duty, cost of transportation and insurance, and other necessary expenses from the place of shipment to the place of delivery.  *  *  *

It will be observed that the statute explicitly provides for necessary expenses from the place of shipment to the place of delivery. Delivery in this case was evidently at the pier. The weighing occurred thereafter.

In the case of *Carey & Skinner* v. *United States*, 13 Ct. Cust. Appls. 7, T. D. 40848, the issue there involved was whether or not repacking was a necessary expense, and therefore deductible. The court held that it was not, stating (p. 9):

We are unable to understand upon what theory repacking costs, admittedly necessary for the sole purpose of meeting the demands of the trade in the United States, should be considered proper deductible items of expense "from the place of shipment to the place of delivery." The importers admit that the repacking was necessary to place the goods in condition "packed ready for delivery," and as subdivision (d) of section 402, *supra* [Tariff Act of 1922], provides specifically that the "United States value  *  *  *  shall be the price at which such or similar imported merchandise is freely offered for sale, packed ready for delivery," it would seem to us that such packing charges are proper items to be included in determining the United States value, upon which the dutiable value of the merchandise is based. Otherwise, the language "packed ready for delivery," contained in the definition of United States value, would be without meaning.

It will be noted from the quoted testimony that the cost of packing was incurred after the merchandise was imported.  *  *  *

The above testimony clearly establishes that the repacking of the merchandise was for the purpose of placing the goods in condition *packed ready for delivery;* and that it was sold in the United States in that condition.

The repacking costs, in our opinion, are not to be considered as "other necessary expenses from the place of shipment to the place of delivery." Such costs have no relation whatever to "other necessary expenses," for which an allowance should be made by the appraising officials.

The holding of the court in the *Carey & Skinner* case, *supra,* indicates that the merchandise was packed upon shipment to the United States, and that such packing is properly deductible, that repacking is not, even though it may be necessary for the trade in the United States to require such repacking.

The testimony indicates that the weighing was in accordance with the United States trade; but evidently that is not a criterion in ascertaining United States value under section 402 (e), Tariff Act of 1930, as set forth in the *Carey & Skinner* case, *supra.*

If the merchandise had been weighed in Nicaragua prior to shipment the cost of such weighing would have been a necessary incident of its shipment, and thereby deductible.

It appears there is no issue with reference to foreign or export value. The merchandise was entered on the United States value and thus appraised.

I am therefore of the opinion at this time, somewhat contrary to my general idea, that the weighing charges, having occurred in the United States after delivery to the purchaser, are not a properly deductible charge; judgment is therefore entered sustaining the appraised value.