UNIVERSAL CARLOADING & DISTRIBUTING CO., INC. *v.* UNITED STATES

**No. 4712.**—Invoices dated Thildonck, Belgium, May 11, March 30, 1938.
Certified May 12, March 30, 1938.
Entered at New York June 1, April 16, 1938.
Entry Nos. 362823, 842210.

(Decided January 25, 1940)

*Walden & Webster (Jacob L. Klingaman* of counsel) for the plaintiff.
*Webster J. Oliver,* Assistant Attorney General (*Dorothy C. Bennett,* special attorney), for the defendant.

DALLINGER, Judge: These appeals to reappraisement involve the question of the dutiable values of certain cream separators imported from Belgium, and entered at the port of New York. In the case of appeal 129636–A the 25 cream separators covered thereby were invoiced at 263 belgas each, c. i. f. New York and entered at 263 belgas each less the nondutiable charges; and were appraised on the basis of the United States value thereof at $60.44 each. In the case of appeal 129637–A the 25 cream separators covered thereby are in three different sizes and were invoiced at 251, 263, and 294 belgas each, c. i. f. New York respectively, and were entered at 251, 263, and 294 belgas each respectively, less the nondutiable charges, and were appraised on the basis of the United States value thereof at $53.26, $55.78, and $63.72 each, respectively.

On April 25, 1939, reappraisement appeal 129636–A was heard at length, the invoices and entry papers in reappraisement appeal 129637–A having been admitted in evidence as Collective Exhibit 10. At the said hearing it was agreed between counsel for the respective parties that there existed no foreign or export values for said merchandise, and that the proper basis for determining dutiable value was the United States value thereof.

In their brief filed after the submission of reappraisement appeal 129636–A, counsel for the plaintiff contended that from a United States selling price of $68.72 there should be deducted the following items in order to determine the United States value of said merchandise:

| | | |
|---|---|---|
| United States selling price | | $68. 72 |
| Deductions: | | |
| General Expenses 8% | $5. 4976 | |
| Profit | . 35 | |
| New York Expenses, clearance, etc | . 725 | |
| Freight New York to Sioux Falls | 4. 26 | |
| Expenses factory to New York | 2. 02 | |
| | | 12. 85 |
| | | 55. 87 |

They then divided the amount $55.87 by 1.125 (the rate under paragraph 372 being 12½ per centum ad valorem) to determine the amount of duty on said merchandise, which is claimed should be deducted from the $55.87, making the dutiable value $49.66.

On the other hand counsel for the Government at the hearing moved to dismiss reappraisement appeal 129636–A on the ground that inasmuch as there had been no final appraisement of the prototype merchandise covered by reappraisement appeal 129637–A, it was impossible to determine whether or not any duty had accrued on the merchandise at bar, and that therefore it was impossible until that time to ascertain the United States value of said merchandise. The motion was denied by the trial court, exception being allowed the Government.

It is evident that if the contention of counsel for the Government was correct the appraiser could not determine the United States value any more than the importer could prove the same, and the appraisement would be null and void.

Irrespective, however, of the question as to whether the estimated duty could be deducted from the United States selling price, I am of the opinion that counsel for the plaintiff are correct in their contention that the freight from New York to Sioux Falls, S. D., which was evidently the principal market for the sale of this merchandise in the United States, was properly deductible in determining the United States value of the merchandise. *Star Import Co.* v. *United States,* Reap. Dec. 2370; *Hensel, Bruckmann & Lorbacher, Inc.,* v. *United States,* Reap. Dec. 4209, 73 Treas. Dec. 1350; *Johnson Co.* v. *United States,* 13 Ct. Cust. Appls. 373, T. D. 41318.

It is true, as counsel for the plaintiff contend, that the prototype merchandise was shipped in the first instance to the Universal Carloading and Distributing Co. at New York, but the said company was evidently merely the customs brokers for the real importer, G. L. Alstrup.

Submission of reappraisement appeal 129636–A was subsequently set aside, and appeal 129637–A was consolidated and the two heard together at New York on October 17, 1939, at which time counsel for the plaintiff, both at the hearing and subsequent in their second brief filed herein, stated that in view of the decision of the United States Court of Customs and Patent Appeals in the case of *Stern Hat Co.* v. *United States,* 26 C. C. P. A. 410, C. A. D. 48, they were satisfied that cost of production and not United States value was the proper basis for determining the dutiable value of the merchandise covered by both appeals herein.

At the first hearing in appeal 129636–A the plaintiff offered in evidence the testimony of G. L. Alstrup, the importer and ultimate consignee herein, who testified at great length in the course of which several invoices, a price list, a bill of lading, and an affidavit were

admitted in evidence as Collective Exhibits 1 to 7, inclusive. A customs agent's report with accompanying exhibits was admitted in evidence as Collective Exhibit 8, and certain other papers and documents were admitted in evidence as Exhibits 9 to 13, inclusive.

At the second hearing, after the two appeals had been consolidated, the plaintiff offered in evidence as Exhibit 14 the affidavit of one Francois Jules Persoons, delegated administrator of the Belgium manufacturing concern which manufactured the cream separators in question purporting to show the cost of production of the same as follows:

| | Belgian Francs |
|---|---|
| *Model 1, 250 litres:* | |
| Cost of materials | 435. 19 |
| Labor | 270. 18 |
| General charges | 167. 51 |
| Packing, etc | 37. 53 |
| *Model 1, 300 litres:* | |
| Cost of materials | 442. 73 |
| Labor | 273. 18 |
| General charges | 169. 37 |
| Packing, etc | 37. 53 |
| *Model 2, 350 litres:* | |
| Cost of materials | 526. 93 |
| Labor | 303. 87 |
| General charges | 188. 40 |
| Packing, etc | 47. 93 |

In each case there is included an item entitled "stockage" 5 per centum, which is given as 21.76, 22.14, and 26.35 Belgian francs, respectively. I can find no warrant in the law for the inclusion of such an item in determining cost of production.

The affidavit also states that the items in question prevailed during the period from July 1 to December 31, 1937; and that the concern's profit on wholesale exclusive sales ordinarily amounted to 25 per centum.

Also, at the second hearing counsel for the Government offered in evidence a report of V. H. Railey, customs agent, with accompanying exhibits which was admitted in evidence as Collective Exhibit 15.

As pointed out by counsel for the Government in the second brief filed herein the testimony of the importer is more or less conflicting. Apart from the fact that his oral evidence at the hearing differed from the sworn statement which he had submitted to the customs examiner at the time of appraisement before this litigation arose, his testimony is directly contradicted by statements made by him to Customs Agent Railey, as set forth in Collective Exhibit 15. For instance, on page 11 of the stenographic minutes of the first hearing the importer testified as follows:

Q. Prior to that time you brought in some sample machines, did you not?—A. Yes.

\* \* \* \* \* \* \*

Q. You didn't sell them?—A. No, I still have them.

Q. And you had no prior shipments?—A. No, those two machines were shipped in for test purposes.

In spite of this testimony, it appears from Collective Exhibit 15 that when the Government special agent called upon the importer at Sioux Falls, S. Dak., in September, 1939, to verify the above testimony given at the trial previously held in April, 1939, the said Alstrup then admitted that the number 8 machine "was sold in March, 1938, or the early spring, and that at that time the No. 6 or 250 litre machine was in possession of Roy H. Lawson, his former partner, of Ortonville, Minnesota."

Moreover, in spite of the fact that the said Alstrup testified at the first hearing that he imported these first two machines only for "experimental purposes", nevertheless he informed Customs Agent Railey that both of said machines "were placed in Gamble Stores at Minneapolis, Minnesota, first week in December, 1937, and remained there until January 7, 1938, for inspection by the purchasing department, and Mr. Alstrup advised that these machines were at that time offered for sale."

The said Alstrup, however, carefully refrained from informing the customs agent as to the exact prices at which he offered said separators for sale. Evidently based upon the prices at which he freely offered the two initially imported machines, he subsequently purchased and imported the two shipments which are now before this court for adjudication.

Moreover, it is undoubtedly true that there having been no appeal to reappraisement the entries covering these first two cream separators were unquestionably liquidated some time ago and duty, if any, was levied and duly paid. As counsel for the Government aptly points out it was entirely within the power of the plaintiff herein to produce all the facts necessary to establish the United States values of all of the merchandise at bar based on the prototype shipment of the two initial machines referred to different from the United States values found by the appraiser herein.

Under the circumstances the evidence offered by the plaintiff in regard to the cost of production of the merchandise at bar cannot be considered by this court.

Upon all the facts and the law applicable thereto I find that the plaintiff has failed to sustain the burden of proving the United States values of the merchandise herein different from the appraised values, which latter values I find to be the dutiable values of said merchandise. Judgment will be rendered accordingly.