UNIVERSAL CARLOADING & DISTRIBUTING CO., INC. *v.* UNITED STATES

**No. 4894.**—Invoices dated Thildonck, Belgium, May 11, March 30, 1938.
 Certified May 12, March 30, 1938.
 Entered at New York June 1, April 16, 1938.
 Entry Nos. 362823, 842210.

Third Division, Appellate Term

(Decided May 6, 1940)

*Jordan & Klingaman* (*Jacob L. Klingaman* of counsel) for the appellant.
*Webster J. Oliver,* Assistant Attorney General (*Dorothy C. Bennett,* special attorney), for the appellee.

Before CLINE, EVANS, and KEEFE, Judges; CLINE, J., not participating

EVANS, Judge: This is an application for review of a decision on appeal to reappraisement reported as Reap. Dec. 4712. The merchandise involved consists of cream separators manufactured in Belgium, entered at the port of New York in the spring of 1938. Through some inadvertence the earlier importation which was entered on April 16, 1938, bears the later number on reappraisement, to wit, No. 129637–A, while the later importation entered on June 1, 1938, bears number 129636–A.

The separators involved in reappraisement 129636–A were invoiced at 263 belgas each, c. i. f. New York, entered at 263 belgas each less certain nondutiable charges, and were appraised on the basis of the United States value under section 402 (e) of the Tariff Act of 1930, at $60.44 each. These were all Model 1 300 liter machines. In the case of reappraisement 129637–A 25 separators were involved, 5 Model 1, 250 liter capacity, 15 Model 1, 300 liter capacity, and 5 Model II, 350 liter capacity. They were invoiced at 251, 263, and 294 belgas each, c. i. f. New York, respectively, were entered at those prices less certain nondutiable charges, and were appraised at $53.26, $55.78, and $63.72, each, respectively, upon the basis of United States value.

In both reappraisements it was shown by the records and admissions in the briefs that there was no foreign or export value. There was no foreign value, although the machines are sold in the country from which exported, because all sales were made there at retail only. Such sales, under the decision of *Keve & Young* v. *United States,* 11 Ct. Cust. Appls. 94, T. D. 38747, will not furnish a basis for the finding of

foreign value as defined in section 402 (c) of the Tariff Act of 1930. There was no export value for the reason that all sales for export, both to the United States and to other countries, were made to and through exclusive agents or agencies.

The single judge found that the plaintiff had failed to sustain the burden of proof cast upon him, and sustained the values found by the appraiser.

The record shows that this importer was establishing a business in the sale of this particular line of merchandise, having been engaged in the sale of cream separators for only 3 years. It appears from the evidence that he ordered and received two cream separators in the fall of 1937, the exact date of which importation does not appear. That entry was not the subject of litigation before this court. Therefore the values found by the local appraiser were the dutiable values for those machines. The attorney for the importer quotes the statement that those machines were "for experimental purposes or experimental and organization purposes" or sample machines. It cannot be that the machines were here for experimental purposes on the theory that they were an untried product. The record discloses that the machines have been made and sold at least throughout Belgium and for export to other countries and therefore it must be conceded they are a standard product. The claim that they are sample machines or that they were here for organization purposes finds support in the testimony and yet the use the importer made of the machines was not inconsistent with the use he made of other machines. He displayed them and offered them for sale and finally sold at least one of them. The fact that he used them in an endeavor to procure what might be called a wholesale representative in this country does not contradict the fact that they were imported for sale in this country. The question of the status, use, and sale price of these two machines or of either of them is important only in view of the fact that their disposition might have furnished the basis for determining the United States value of prototype merchandise.

The special agent's report (Exhibit 15) states:

With reference to the two machines imported by Mr. Alstrup during the fall of 1937, you are advised that the one listed as 335 litre, Mr. Alstrup explained, had originally been 335, but that it had been rated in this country as 350 litre, and while 335 litre had only 20 wings to the turbine, it had now been increased to 22 wings and billed at 350 liters with a price increase from $1.50 to $2.00 per machine.

If sold under the proper circumstances to meet the definition of the statute, the sale of this machine might form the basis for fixing the United States value of at least one of the machines here in question, to wit, the 350 liter machine. There is no evidence that the second "sample" machine had been sold at any time, but if it had been freely offered for sale under the conditions described in the

statute, such offers would likewise furnish the basis for appraisement of one type of the machines, viz 250 liter capacity. Neither of the machines on this first shipment could form the basis for determining the dutiable value of the 300 liter machine since all the testimony shows these different capacity machines are sold and offered for sale at different prices.

Exhibit 9, a communication addressed to Examiner Guerriero who examined the merchandise here in suit, discloses that there are other makes of cream separators sold in this country. Since this information was furnished the examiner for the purpose of having him inform himself as to the proper dutiable value, we feel justified in presuming that these other machines were of foreign manufacture. The appraiser did find the existence of a United States value. He must have determined this value from evidence of sales made in this country or evidence of offers for sale of such or similar imported merchandise. There is no testimony in the record which overcomes the presumption that the appraiser followed the statute in this respect. He may have had before him offers of sales of the instant merchandise, that is such or identical machines, or he may have had before him sales and/or offers for sale of similar machines. In either event he had a lawful basis for appraisement under the circumstances. Upon the basis of the fact that there is not sufficient testimony to overcome the presumption of correctness which attaches to the appraiser's action, we think the decision of the single judge sustaining such action should be affirmed.

We do not deem it necessary to discuss whether or not the merchandise involved in reappraisement 129636–A should have been appraised on the basis of United States value or cost of production, or whether the appraisement in reappraisement 129637–A could have been based on the values found in the last-noted case.

The decision of the single judge will therefore be affirmed. Judgment will be rendered accordingly. It is so ordered.