(Reap. Dec. 8295)

E. H. CORRIGAN v. UNITED STATES

Entry Nos. 3009; 3770.

(Order dated March 17, 1954)

*Sharretts, Paley & Carter* (*Joseph F. Donohue* of counsel) for the plaintiff.
*Warren E. Burger*, Assistant Attorney General (*Daniel I. Auster*, trial attorney), for the defendant.

ORDER

EKWALL, Judge: A motion has been made herein by the defendant pursuant to rule 6 (a) of the rules of this court and 28 U. S. C. § 2640

requesting a rehearing and a reconsideration of the decision and judgment of this court on remand, rendered on January 14, 1954, 32 Cust. Ct. 561, Reap. Dec. 8278, and requesting further that the said decision and judgment be vacated and set aside and the case set down for oral argument upon this motion. The grounds for such motion are stated to be "that the Court misapprehended and/or overlooked or failed to consider the law with respect to deductions which may properly be made on the basis of United States value" and that the deductions made for "transportation from Laredo to purchasers' respective places of business" are contrary to law.

This case was originally decided by Cline, J. (Reap. Dec. 7879) and appeals were taken thereafter to the appellate division of this court and to the Court of Customs and Patent Appeals. After the case was decided by the latter court, it was remanded to me by the first division of this court (Abstract 57332) "for further proceedings consistent with the opinion of the Court of Customs and Patent Appeals in said cause." In that opinion, it is stated that the tribunals of the Customs Court did not evaluate certain evidence due to their belief that, as a matter of law, the offers and sales could not be considered in fixing United States value. Having reached a different conclusion of law, the court remanded the case to the Customs Court to evaluate such evidence and to render judgment in conformity with its findings of fact under the principles of law laid down by the court of appeals. *E. H. Corrigan* v. *United States*, 40 C. C. P. A. (Customs) 171, C. A. D. 514. Neither the first division nor the trial judge on remand interpreted the decision as contemplating a new trial. Accordingly, the trial court restudied the evidence and rendered judgment in conformity with the law as stated in the opinion of the court of appeals. In doing so, it was necessary to find United States value, as defined in section 402 (e), Tariff Act of 1930, as amended. In this connection, the deductions complained of were made.

It appears from the papers presented upon this motion that defendant does not expect to produce new evidence but is requesting a reconsideration of a matter of law. Certain cases are cited in support of the motion, but it is to be noted that they have been considered by the trial court and referred to in the decision heretofore made.

In *Johnson Co.* v. *United States*, 13 Ct. Cust. Appls. 373, T. D. 41318, affirmed 13 Ct. Cust. Appls. 626, T. D. 41480, freight from Prince Edward Island to New York was held to be a proper deduction to be made in determining United States value, but transportation charges from the terminal to the warehouse and to places of business of customers were disallowed. In *Universal Carloading & Distributing Co., Inc.* v. *United States*, 4 Cust. Ct. 591, Reap. Dec. 4712, affirmed 4 Cust. Ct. 827, Reap. Dec. 4894, it was held that freight from New

York to Sioux Falls, S. Dak., the principal market, was deductible. In the instant case, New York was the principal market; therefore, freight from Laredo to New York would be deductible under the principle laid down in the latter case. However, the merchandise herein was sent directly from Laredo to the purchasers in New York and other cities, such as Newark, Baltimore, and Boston. Because these cities are relatively near New York, so that it may be assumed that the difference in freight charges would be small, it seemed proper to allow the deductions claimed, no one having questioned the figures or presented evidence as to what the charges, from Laredo to New York only, would be. Upon further consideration of the question, however, I am of opinion that the item deductible for transportation charges should be the cost of transportation from Laredo to the terminal in New York, the principal market for the merchandise. Therefore, I believe the interests of justice would best be served by granting the motion for rehearing and restoring the case to the calendar for the purpose of permitting the parties to submit evidence establishing the cost of transportation of the merchandise from Laredo to the terminal in New York.

It is therefore ORDERED that the motion for rehearing and reconsideration be, and the same hereby is, granted; and it is further

ORDERED that the decision and judgment of this court, rendered on January 14, 1954, Reap. Dec. 8278, be, and the same hereby are, vacated and set aside; and it is further

ORDERED that the case be, and the same hereby is, restored to the calendar for the purpose of permitting the parties to submit evidence establishing the cost of transportation from Laredo to the terminal in New York.